Barney agt. Northern Pacific Railroad Company.

## SUPREME COURT

HIRAM BARNEY agt. THE NORTHERN PACIFIC RAILROAD COMPANY.

*Comp aint — Answer — Demurrer — remedy where process has been improperly served, i. e., on the wrong party or person.*

A defendant on whom process has been improperly served is not bound to seek relief by motion. He is entitled to set up by answer that he is not indebted to the plaintiff, not being the person against whom the plaintiff's alleged claim exists.

Where the plaintiff sued the Northern Pacific Railroad Company for services rendered in 1873, 1874 and 1875, and alleges that defendant was and is a corporation created by an act of congress approved July 2, 1864, and various acts amendatory thereof, the defendant, who claims to be a new and different Northern Pacific Railroad Company, sets forth in his answer, and alleges as a defense, that all the property, rights, liberties and franchises belonging to said Northern Pacific Railroad Company (as originally organized) of every kind and description, "including its franchises to be a corporation," were sold, pursuant to a decree of the circuit court of the United States, and that said sale was afterwards confirmed by said court, and that the defendant, on whom process has been served, became purchasers at said sale and is the new organization known as the Northern Pacific Railroad Company and was not in existence when the transaction mentioned in the complaint arose, &c.; on demurrer to this defense on the ground that the same is insufficient in law on the face thereof:

*Held,* that these allegations are averred as matters of fact, and the demurrer necessarily admits these facts. It was not necessary, in order to render the defense available, that it should have been pleaded that process was not served on the old corporation.

*Special Term, January,* 1878.

DEMURRER by the plaintiffs to the first defense set forth in the answer to the complaint on the ground that the same is insufficient in law on the face thereof.

*Thomas H. Hubbard,* for plaintiff.

*George Gray,* for defendant.

LAWRENCE, *J.* — The plaintiff, as assignee, brings this action to recover for services, alleged to have been performed by certain attorneys and counselors at law, for the defendant, during the years 1873, 1874 and 1875.

The first defense set forth in the answer is, in substance, that the Northern Pacific Railroad Company was duly incorporated under an act of congress, approved July 2, 1864, and that by a joint resolution of congress, the company was authorized to issue its bonds "for the construction of its road and to secure the same by mortgage and for other purposes" and was also authorized to issue its bonds, to aid in the construction and equipment of its road, and to secure the same by mortgages on its property and its right of property of all kinds, &c., *including its franchise as a corporation.* It is then averred that on or about the first of July, 1870, the said last named company under the authority of said joint resolution, made a mortgage to certain trustees, of the properties, rights, liberties, and *franchises,* of the said Northern Pacific Railroad Company, to secure the payment of its bonds, &c. It is also averred that the said last named Northern Pacific Railroad Company having become insolvent and having failed to pay the interest on its bonds, which became due on the 1st of July, 1874, and on the 1st of January, 1875, a suit for the foreclosure of said mortgage was commenced in the circuit court of the southern district of New York, and that a receiver was appointed in said cause of all the property, real, personal and mixed of said company, and said company executed a deed of conveyance of said property to said receiver on or about May 1st, 1875. That on the 12th day of May, the said circuit court, made its final decree in said cause, that the property, rights and franchises of the said Northern Pacific Railroad Company be sold under the

direction of masters or commissioners, that upon the confirmation of said sale by the court, the masters convey the said property, rights and franchises in said decree mentioned to the purchaser or purchasers and that such sale and conveyance, should convey all the rights, title, estate and interest of said defendant therein named, in and to the said property, rights and franchises of the said Northern Pacific Railroad Company to said purchaser or purchasers, and should be a perpetual bar, both in law and equity, against said company, and against all claiming under the same, and that the receiver should also convey with the trustees all said property, rights and franchises, by good and sufficient deeds, &c.

The answer then avers that on the 12th of August, 1875, "the said *property, rights* and franchises, *being all the property, rights, liberties and franchises* of and belonging to said Northern Pacific Railroad Company of every kind and description, *including its franchise to be a corporation,*" were sold pursuant to said decree, to certain parties named in the answer, being a committee appointed by the bondholders in pursuance of a plan of reorganization, adopted at a meeting of said bondholders, for the use and benefit of all holders of said bonds who should assent to said plan, *that the said sale was afterwards confirmed by said court,* and the said masters by their deed and the receiver and trustees by their respective deeds, also approved by the court, conveyed all said property, rights and franchises to the said purchasers, for the use and benefit of all the holders of said bonds who should assent to, and comply with, the provisions of said plan.

It is further alleged that on the 29th day of September, 1875, the said bondholders organized as a corporation, by electing from their number a board of directors, who on the next day met and elected a president, vice-president, secretary and treasurer, under said acts and joint resolutions of congress, and thereby became and still are the corporation mentioned in the first paragraph of this answer, by the name of " The Northern Pacific Railroad Company, *the defendant on whom*

*process has been served in this action."* It is further averred that the present defendant was not in existence when the transactions mentioned in the complaint arose, &c.

By demurring to this answer the plaintiff admits the allegation, that all the property, rights, liberties and franchises of, and belonging to, said Northern Pacific Railroad Company, of every kind and description " *including its franchises to be a corporation,*" were sold pursuant to said decree. This is averred as matter of fact, and the demurrer necessarily admits the fact. The plaintiff also admits that the said alleged sale was afterwards confirmed by the circuit court of the United States for the southern district of New York, a court having jurisdiction of the subject-matter.

So, too, the plaintiff by demurring has admitted the fact that the defendant on whom process has been served, is the new organization known as the Northern Pacific Railroad Company.

In the face of these admissions, much of the argument made by the learned counsel for the plaintiffs, relative to the distinction existing between the franchises of a corporation, and the franchise to be a corporation appears to me to be inapplicable.

Again, by admitting that the process was served on the present company, I fail to understand how the plaintiff can contend that the defendant is a mere interloper, or that, in order to render the defense available, it should have been pleaded that process was not served on the old corporation. There is but one defendant named in the title of the action, and the corporation answering alleges that the process by which this action was instituted has been served upon it. The court cannot infer that process has been served upon another and separate organization of the same name. Indeed, if any inference is to be drawn it is that process has not been served on any other party, there being but one defendant, and it being admitted by the demurrer that process has been served upon the corporation which answers the complaint.

Nor do I understand that the defendant, on whom process has been improperly served, is bound to seek relief by motion. He is entitled to set up by answer that he is not indebted to the plaintiff, not being the person against whom the plaintiff's alleged claim exists. Suppose the case of two individuals bearing the same name, against one of whom a creditor intends to bring an action, but by an error the summons is served on the other, cannot the latter put in an answer denying that he is indebted to the plaintiff? The cases which are cited by the learned counsel for the plaintiff, while holding that it is competent for a person who is erroneously served with process to move to set it aside, do not hold that he cannot appear and answer denying any liability on his part to the plaintiff.

If I am right on this last point, without reference to the other points herein alone considered, it follows that the demurrer cannot be sustained.

Demurrer overruled, with costs to the defendants.