(63 App. Div. 204.)

HOLMAN v. GOSLIN.

(Supreme Court, Appellate Division, First Department. July 9, 1901.)

SUMMONS—MISSPELLING OF NAME—JURISDICTION.

Where the original summons gave defendant's correct name, and at the time of the service of the summons and complaint he was served with an order of arrest, and the papers on which it was granted, in which papers his name was correctly spelled, the fact that defendant's name

was misspelled in the copy of the summons served on him did not prevent the court from acquiring jurisdiction.

Appeal from special term, New York county.

Action by George W. Holman against Alfred R. Goslin. From an order vacating a judgment entered on default, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and LAUGHLIN, JJ.

Jurden E. Seeley, for appellant.
H. K. Coddington, for respondent.

HATCH, J. The defendant moved to vacate the judgment herein for the reason that in the copy of summons served upon him he was named as Alfred R. Joslin, instead of Alfred R. Goslin, his real name. The original summons gave the defendant's correct name, and at the time of the service of the summons and complaint he was also served with an order of arrest, and the papers upon which the same was granted. In these papers his name was correctly spelled. It is evident, therefore, that the defendant was apprised that he was the person intended to be served as the defendant in the action, and was not misled thereby in any respect. In making this motion, he stands upon a claimed technical legal right. That the claim is technical enough is clearly apparent, and it ought not to succeed unless the court be constrained thereto by an inexorable rule of law. Prior to the 11th day of June, 1901, the decisions upon this subject were quite inharmonious, and it was by no means clear that the defendant was not entitled to the relief for which he asks. The court of appeals, however, on the last-named date, in the case of Stuyvesant v. Weil, 60 N. E. 738, settled the question by holding that the object of the summons is to apprise the party defendant that the plaintiff in the action seeks judgment against him, and, when it fairly appears that he is apprised of the fact that he is the party intended to be served, the court acquires jurisdiction to render judgment in the action. Such defects are amendable, and the court may grant the same ex parte. There is much reason for this rule. If the person is fairly apprised that the action is brought against him as the party intended to be affected, he is immediately in position to avail himself of every legal remedy which he might have invoked had he been in all respects correctly named. Under such circumstances, he is called upon to act, and the court acquires jurisdiction to render such a judgment as the plaintiff, by his pleading, shows himself entitled to. In the present case there is no doubt but that the defendant knew that he was the person intended to be proceeded against. The court thereby acquired jurisdiction, and the judgment was properly rendered.

Undoubtedly, if the defendant sought to be relieved from his default upon showing that he was misled by reason of the mistake, he would be entitled to relief. Upon the papers now before us no such claim is made.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.