(71 App. Div. 35.)

### LEDERER AMUSEMENT CO. v. POLLARD.

(Supreme Court, Appellate Division, First Department. April 11, 1902.)

SUMMONS—MOTION TO SET ASIDE SERVICE—MISTAKE IN NAME.
    Motion to set aside service on the ground that a mistake was made, the name in the summons as that of defendant not being that of the person served, is properly denied, on insistence that the one served was the one desired in the action.

Appeal from special term, New York county.

Action by the Lederer Amusement Company against Charles Albert Pollard. From an order denying motion of Henry John Pollard, on whom the summons was served, to set aside the service, he appeals. Affirmed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Jacob Fromme, for appellant.

Franklin Bien, for respondent.

O'BRIEN, J. Henry John Pollard was served with a summons in which the name of Charles Albert Pollard was inserted as the defendant, which, as the affidavit of Henry shows, is the name of his brother. Henry further states in his affidavit that he never had any business or financial transactions with the plaintiff, and is not aware of any claim that the latter has against him. He thereupon moved to set aside the summons, on the ground that he was not the defendant, and that the summons was so served upon him by mistake. The motion was opposed by the plaintiff, and, although no affidavit was submitted by it to contradict that which had been presented, this opposition of the motion shows that the plaintiff's intention was to retain Henry, who had been served in the action as a party defendant.

Where there has been service of summons, two remedies are open to the person claiming to have been wrongly served. One, which is the most complete and direct, is to appear in a form of appearance indicating that the summons has been served on the wrong individual, and, if no attention is paid to this, after the complaint is received, to formally answer and notice the case for trial, and thus, if the plaintiff

refuses to remedy the mistake by withdrawing the summons or consenting that service of it be set aside, the action may be brought to trial and dismissed, with a bill of costs, which would be some punishment inflicted upon the plaintiff for insisting upon retaining the wrong defendant. There is also authority for the practice which was here followed, of moving to set aside the service on the ground that a mistake has been made. Where this is resorted to, the person runs the risk of having the plaintiff insist—as it appears was done here—that the service was upon the right individual although the name was incorrectly stated in the summons. In other words, if, upon a motion to set aside the service on the ground that a mistake has been made, the plaintiff, by opposing it, claims that the person served was the one desired in the action, then, whether the service was under the wrong name or not, it is the duty of the court, as was here done, to deny the motion.

The order appealed from must accordingly be affirmed, with $10 costs and disbursements. All concur.