make it a necessary party. See People ex rel. Steward v. Railroad Commissioners, 160 N. Y. 202, 54 N. E. 697.

The objections are without merit, and the motions to quash are denied, with $10 costs in the case of People ex rel. Belmont. Motions denied, with $10 costs.

---

## STEINHAUS v. ENTERPRISE VENDING MACH. CO.

### (Supreme Court, Appellate Term. January, 1903.)

1. PROCESS—SERVICE—PERSON NOT NAMED AS DEFENDANT—APPEARANCE—DEFENSE ON MERITS.

> In an action against a foreign corporation, the one on whom summons and complaint was served as managing agent served a notice of appearance and answer setting up that he was not an officer or agent of defendant, and had no interest in the cause of action, and setting up a general denial on the merits. Plaintiff's attorney returned the same with notice that the one who had made the answer was not the defendant, and that an appearance and answer on his part were unauthorized. *Held,* that an order compelling plaintiff to accept service of the notice of appearance and answer was erroneous.

Appeal from City Court of New York, Special Term.

Action by Isaac Steinhaus against the Enterprise Vending Machine Company. From an order granting the motion of William N. Funk to compel plaintiffs' attorney to accept service of appearance and answer, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and CLARKE and GREENBAUM, JJ.

Klein & Burkan, for appellant.

Reno R. Billington and Louis W. Dinkelspiel, for respondent.

FREEDMAN, P. J. This is an action against a foreign corporation for damages arising from a breach of warranty of certain machines. The summons and complaint were served on William A. Funk, as managing agent of the defendant corporation, on October 29, 1902. Funk served a notice of appearance and an answer by him as "the party on whom the summons and complaint herein was served." The answer sets up a general denial and a plea of abatement to the effect that he is not an officer or agent of the defendant corporation, and has no interest in the cause of action set forth in the complaint. Immediately after receipt of said notice of appearance and answer the plaintiff's attorneys returned the same to the attorney subscribed thereto, with notice indorsed on each to the effect that William N. Funk was not the defendant in this action, nor a party thereto, and that an appearance and answer on his part were, therefore, unauthorized. William N. Funk thereupon moved at Special Term for an order compelling the plaintiff to accept service of said notice of appearance and answer. In his motion papers he admitted that prior to October 20, 1902, he was the agent of the defendant corporation, though he denied having been its managing agent, and then alleged that on said 20th day of October, 1902, he severed all connection with the defendant, and has since been in no way con-

nected with it.   The answering affidavits showed, among other things, that Funk had notice that no claim was made against him, and that the process served upon him was intended solely for the defendant corporation; that no person has been designated by the defendant upon whom process can be served in this state; and that Funk represented himself as the managing agent of the defendant both before and after the service of the summons.   The motion was granted upon the authority of Lederer Amusement Co. v. Pollard, 71 App. Div. 35, 75 N. Y. Supp. 619, and from the order granting the same the plaintiff appealed to this court.

At common law, if the wrong person was served, his remedy was to appear and plead in abatement.   Mann v. Carley, 4 Cow. 148. Since the Code it has been held in Miller v. Stettiner, 22 How. Prac. 518, Gannon v. Myars, 11 Civ. Proc. R. 187, and Barney v. Northern Pacific R. R. Co., 56 How. Prac. 23, that such a plea in abatement is still available by answer.   In the recent case of Lederer Amusement Co. v. Pollard, 71 App. Div. 35, 75 N. Y. Supp. 619, it was held that, where there has been service of summons, two remedies are open to the person claiming to have been wrongly served, viz., either to appear in a form of appearance indicating that the summons has been served upon the wrong individual, and, if no attention is paid to this, after the complaint is received to formally answer and notice the case for trial, or to move to set aside the service on the ground that a mistake has been made.   This decision, although made without reference to any authority, would, if applicable to the case at bar, be binding upon this court, as the latest exposition of the law upon the point under consideration, and call for an affirmance of the order appealed from.   But I am of the opinion that neither it nor the other cases before cited are applicable to the present case.   The reason of the rule · permitting appearance and answer is to enable a person wrongly served, and yet sought to be held, to plead that he is not liable to the plaintiff because he is not the person against whom the plaintiff's alleged claim exists.   In the present case, William N. Funk, before he made his motion, had been notified in writing to the effect that no claim was made against him individually, which protected him completely, and yet he attempted to compel the plaintiff to accept an answer, which, in addition to a denial of any connection on his part with the defendant corporation, also contained a general denial of the merits of the complaint.   This attempt was not made in self-protection, but unmistakably in the interest of the defendant corporation, for in his affidavit he averred that "plaintiff's attorneys intend to enter judgment against the said Enterprise Vending Machine Co.," and then asked that "all proceedings on the part of the plaintiff and his attorneys be stayed in the above-entitled action until five days after the service of notice of entry of an order determining this motion."   William N. Funk should not have been permitted to succeed in this attempt to answer upon the merits for the benefit of the defendant exclusively.   Nor should the defendant corporation be permitted to question the validity of the service in the underhanded manner in which it was attempted.   As it stands, the case falls within the reasoning of Smith v. Jackson, 12 Civ. Proc. R. 428.   The order

appealed from should be reversed, with costs, and the motion denied, with· $10 costs.

Order reversed, with costs, and motion denied,· with $10 costs. All concur.