### HIRSCH v. CAMMAN et al.

(Supreme Court, Special Term, New York County.   November 20, 1907.)

1. PROCESS—AMENDMENT.

Plaintiff may have correction of the spelling in the papers in the case of the Christian name of F., sued as "Edmond" F., whose correct name is "Edmund" F., and who has answered.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Process, § 234.]

2. SAME.

Where Arthur B. "Cayce" was sued as Arthur B. "Cracy," and was sought to be held, with other defendants, as a member of the firm of Camman & Co., and on an order of publication being obtained and filed, pursuant to its direction, a copy of the summons, complaint, and order of publication was mailed to Arthur B. "Cracy," at the office of Camman & Co., and it was opened and returned with the inscription on the envelope: "Opened by mistake, but not read.   Camman & Co."—and the directory of the Stock Exchange, of which the company is a member, includes the name of Cayce as a member of the firm, and Cayce does not deny such membership or that he received and opened the envelope, the court will be held to have acquired jurisdiction, so that correction in the name may be made.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Process, § 234.]

Action by Minnie F. Hirsch, sole executrix of and trustee under the will of Ferdinand Hirsch, deceased, against C. L. Camman and others.   Plaintiff moves to correct errors in the spelling of the names of defendants Cayce and Fish.   Motion granted.

Quinn, Bostwick & Coleman (George Thomas, of counsel), for plaintiff.

John T. McGovern, for defendants Camman.

Frayer, Stotesbury & Gregg, for defendant Fish.

GIEGERICH, J.   This is an application to correct a mistake in spelling in the name of the defendants Cayce and Fish, and under the facts disclosed by the motion papers there is ample authority for granting it.   Stuyvesant v. Weill, 167 N. Y. 425, 60 N. E. 738, 53 L. R. A. 562; Holman v. Goslin, 63 App. Div. 204, 71 N. Y. Supp. 197; Boyd v. U. S. Mort. & Trust Co., 94 App. Div. 413, 88 N. Y.

Supp. 289; Ward v. Terry & Tench Cons. Co., 118 App. Div. 80,. 102 N. Y. Supp. 1066. The defendant Fish is sued as "Edmond" Fish, whereas his correct name is "Edmund" Fish, and the correct. spelling of the name of the defendant sued as "Cracy" is "Cayce." The former has answered, but the latter has neither answered nor appeared. The defendant Cayce is not represented upon the motion, but on behalf of some of the other defendants it is urged that· the alleged service by publication, upon a person described therein as "Arthur B. Cracy," did not give the court jurisdiction of a per-- son whose name was Cayce.

Cayce is sought to be held as a member of the firm of Camman &· Co., who are stockbrokers in the city of New York, in an action brought by the plaintiff in her representative capacity to compel an: accounting for certain funds alleged to have belonged to the estate of Ferdinand Hirsch, deceased, which funds, it is alleged, were or· came into the possession of the firm of Camman & Co. subsequent to the death of said Ferdinand Hirsch, on July 13, 1901. An order· of publication was obtained and filed on September 11, 1907, and,. pursuant to its direction, a copy of the summons, complaint, and: order of publication was mailed, on September 11, 1907, to Arthur· B. Cracy, at 29 Broadway, New York City, where the firm of Camman & Co. have an office. That the envelope containing the papers. was opened by Cayce is evidenced by the return of the envelope to the· plaintiff's attorney on November 8, 1907, by the Post Office Department undelivered, but with the wrapper in which said papers were· inclosed broken, subsequent to the time of mailing, and marked: "Opened by mistake, but not read. Camman & Co., 29 Broadway."· It is alleged in the moving affidavit that the New York Stock Exchange directory includes Cayce's name among those who constitute·· the firm of Camman & Co. He does not deny such membership,. nor does he deny that he received and opened the envelope referred· to. Under all these circumstances, it may fairly be held that he had. notice that the action was against him as one of the members of the· firm of Camman & Co., and he was therefore called upon to act, and' the court acquired jurisdiction to render such judgment as the plain-- tiff was entitled to. Holman v. Goslin, supra.

It is further contended that the plaintiff's alleged cause of action· had already been barred by the statute of limitations the day preceding the first publication of the summons on September 12, 1907;: but since such objection can be taken only by answer (Code Civ.. Proc. § 413), it need not be considered upon the present motion.

The motion should therefore be granted, but without costs.