### MORISON v. LAING.

(Supreme Court, Appellate Division, First Department. June 4, 1909.)

PROCESS (§ 155*)—DEFECTS—EFFECT.

Where a defendant, in an action on notes made by him, was personally served with summons and complaint, which gave the wrong Christian name, but he made no objection to the receipt of the papers, or motion to set aside the service or for the correction of his name, the court acquired jurisdiction, and a judgment against him was properly rendered.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 210; Dec. Dig. § 155.*]

Appeal from Trial Term, New York County.

Action by Andrew P. Morison against Ella L. Laing, executrix of Edgar L. Laing, deceased. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

Edgar M. Doughty, for appellant.
Charles Strauss (Eugene D. Boyer, on the brief), for respondent.

CLARKE, J. The plaintiff is the assignee of two judgments recovered in the City Court of the city of New York by Nicholas Appel and Nicholas P. Schue, and alleges in the cause of action upon each judgment as follows: That the said judgment was recovered, and the action in which it was granted was prosecuted, against the said Edgar L. Laing under the name of Edward L. Laing, and that the said defendant in said judgment described as Edward L. Laing was in reality Edgar L. Laing, hereinafter mentioned and described, and that his true name was Edgar L. Laing, but that he was otherwise known as Edward L. Laing and E. L. Laing, but that the judgment was in reality against the said Edgar L. Laing.

It appears that Edgar L. Laing was a member of a firm known as E. L. Laing & Co.; that he drafted and signed with his own hand the notes which were the subjects of the actions in the City Court, and that said notes were signed E. L. Laing & Co.; that he was very commonly known and called by his friends and acquaintances "Ed," and by some was known as Edward; that in said actions he was sued as Edward, but that the summons and complaint were personally served upon him; that he made no objection to the receipt of said papers, or a motion to set aside the service or for the correction of his name; that, after judgment had been recovered, an order for his examination in supplementary proceedings under the name of Edward L. Laing was obtained, and was personally served upon him; that he appeared in open court before the justice who had signed said order, and was duly sworn, and was examined at considerable length; that several adjournments were taken, his written consent being placed upon the papers, and subsequently further examined; that the signature to the testimony given by him was "Edgar L. Laing," and the consents to the adjournments "E. L. Laing."

The defense interposed was that the service of the summons in said action was not made upon the decedent, Edgar L. Laing, but upon one Edward L. Laing, upon whom plaintiff's assignors had obtained judgment; that the plaintiff's assignors never obtained any judgment against the defendant Edgar L. Laing in his lifetime, and that as matter of fact neither the said plaintiff nor his said assignors have any valid claims against the estate of the decedent, Edgar L. Laing.

The proof completely sustains the allegations that defendant's decedent was the person who made the notes upon which the City Court judgments were obtained, was the person intended to be sued, was the person who was served with the summons, and was the person who appeared and was examined in the supplementary proceedings. The learned trial court left to the jury the one question, "At the time of the commencement of the action in the City Court, was Edgar L. Laing otherwise known as Edward L. Laing?" to which question the jury answered, "No." Whereupon the court directed the jury

to find a verdict for the defendant, to which direction the plaintiff excepted.

In Stuyvesant v. Weil, 167 N. Y. 421, 60 N. E. 738, 53 L. R. A. 562, where one Mary J. Stockton had been served in an action for the foreclosure of a mortgage with the summons and complaint, in which she was called Emma J. Stockton, the Court of Appeals said:

"But we cannot concur with a view that insists upon it that any error appearing in a summons in the name of a defendant prevents the court from acquiring jurisdiction of said defendant, notwithstanding he was fully apprised, when service of the summons was made upon him, that he was the party intended to be named therein and affected thereby."

In Holman v. Goslin, 63 App. Div. 204, 71 N. Y. Supp. 197, where one Alfred R. Goslin had been served with a copy of a summons, in which his name was stated as Alfred R. Joslin, this court said:

"If the person is fairly apprised that the action is brought against him as the party intended to be affected, he is immediately in position to avail himself of every legal remedy which he might have invoked, had he been in all respects correctly named. Under such circumstances, he is called upon to act, and the court acquires jurisdiction to render such a judgment as the plaintiff by his pleading shows himself entitled to. In the present case there is no doubt but that the defendant knew that he was the person intended to be proceeded against. The court thereby acquired jurisdiction, and the judgment was properly rendered."

And we reversed an order setting aside a judgment entered upon default.

Upon the facts appearing upon this record, we do not think that any question was presented which required to be submitted to the jury, but that the plaintiff was entitled to a direction of a verdict in his favor. In this case there is no doubt but that the defendant knew that he was the person intended to be proceeded against, and, as the court said in Holman v. Goslin, supra:

"The court thereby acquired jurisdiction, and the judgment was properly rendered."

It follows, therefore, that the judgment appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.