BECKER v. WOODCOCK.

(Supreme Court, Appellate Division, First Department.　February 4, 1910.)

1. PARTIES (§ 58*)—SUBSTITUTION.

Code Civ. Proc. § 723, authorizing the court to allow amendments by adding or striking out the name of a person as a party, does not authorize a substitution or change of parties.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 88, 89; Dec. Dig. § 58.*]

2. PARTIES (§ 95*)—AMENDMENTS.

An action on a policy issued by an association of underwriters, acting through an individual styling himself as general manager and attorney in fact, and stipulating that no action should be brought thereon except against the individual as attorney in fact, was brought, and the summons and complaint were served on the individual, styled as in the policy, and a judgment was obtained.　Thereafter it was discovered that the association was an unincorporated association of individual underwriters, who did not underwrite each policy issued by the individual, but some underwriting one and some another, as the general manager might arrange it.　*Held* that, under Code Civ. Proc. § 723, authorizing amendments in furtherance of justice before or after judgment, the court, on motion of plaintiff, could correct defendant's name, as it appeared in the papers in the action, by inserting in place of the name of the association the names of the individuals composing it who underwrote the policy; such change being a correction, and not a substitution, of parties.

[Ed. Note.—For other cases, see Parties, Cent. Dig. § 162; Dec. Dig. § 95.*]

Appeal from Special Term, New York County.

Action by Francis A. Becker against Daniel Woodcock, doing business under the name of Daniel Woodcock & Co., attorney in fact for the New York Insurance Association of New York.　From an order denying a motion requiring defendant, Daniel Woodcock, to pay over money in his hands, pursuant to Code Civ. Proc. § 2447, or, in the alternative, that the judgment and all pleadings and proceedings in the action be amended by correcting an error in the name of defendant, as provided for in section 723, plaintiff appeals.　Reversed.

See, also, 133 App. Div. 899, 118 N. Y. Supp. 1094.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Isham Henderson, for appellant.
Edward Cahn, for respondent.

MILLER, J.　A policy of fire insurance was issued to the plaintiff by an association, styling itself the "New York Insurance Association of New York," acting through Daniel Woodcock, who styled himself "Daniel Woodcock & Company, General Managers and Attorneys in Fact."　The policy contained this provision:

"No action shall be brought to enforce the provisions of this policy, except against the general managers as attorneys in fact and representing all of the underwriters, and each of the underwriters hereby agree to abide the result of any suit so brought as fixing his individual responsibility hereunder, and any such action shall be brought in the Supreme Court, county of New York."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

A loss occurred, which the insurers refused to adjust, with the result that a suit was brought. Pursuant to the terms of the policy, the summons and complaint were served on Daniel Woodcock, and the defendant was styled therein "Daniel Woodcock, doing business under the name of Daniel Woodcock & Company, Attorney in Fact for the New York Insurance Association of New York." An answer was interposed, and the plaintiff finally, after a trial of the action, obtained a judgment. Not being able to obtain satisfaction of the judgment, the plaintiff instituted proceedings supplementary to execution, and examined Daniel Woodcock. On that examination it appeared that Daniel Woodcock was the attorney in fact of an association of underwriters styling themselves the "New York Insurance Association of New York," an unincorporated association composed of individual underwriters, and that he, as general manager of such association, had funds in his hands, which, however, he claimed belonged, not to the association, but to the individual members. It also appeared that all of the individual underwriters, composing the association, did not underwrite each policy issued by the general manager; some underwriting one, some another, apparently as the general manager might arrange it. The plaintiff now wishes to correct the defendant's name as it appears in all of the papers in the action, by striking out the words "the New York Insurance Association of New York," and inserting therein the names of the individuals composing such association who underwrote the plaintiff's policy.

Section 723 of the Code of Civil Procedure is broad enough to authorize the correction required in the furtherance of justice. So far as material it is:

"The court may, upon the trial, or at any other stage of the action, before or after judgment, in furtherance of justice, and on such terms as it deems just, amend any process, pleading, or other proceeding, by adding or striking out the name of a person as a party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting an allegation material to the case; or, where the amendment does not change substantially the claim or defense, by conforming the pleading or other proceedings to the facts proved."

This is not a case of the change of parties, which is, of course, unauthorized. N. Y. S. M. Milk Pan Ass'n v. Rem. Ag. Works, 89 N. Y. 22; Licausi v. Ashworth, 78 App. Div. 486, 79 N. Y. Supp. 631. While the Code authorizes an amendment by adding or striking out the name of a person as a party, that does not authorize a substitution of parties. But in this case the right party was sued. The contract required the action to be brought against Daniel Woodcock, as attorney in fact. He appeared and defended as such. By no possibility could he have been deceived as to the nature of the action, or the real principals whom the plaintiff sought to charge. A case is plainly made, therefore, for the amendment asked for, which is the correction of the name of a defendant, instead of the substitution of a different defendant. Boyd v. U. S. Mortgage & T. Co., 94 App. Div. 413, 88 N. Y. Supp. 289; Ward v. Terry & Tench Const. Co., 118 App. Div. 80, 102 N. Y. Supp. 1066, affirmed 189 N. Y. 542, 82 N. Y. Supp. 1134.

The order should be reversed, with $10 costs and disbursements, and the motion to amend granted, with costs. All concur.