### G. P. SHERWOOD & CO. v. ARTISTIC MARBLE CO.

(Supreme Court, Appellate Term.    October 20, 1910.)

1. PROCESS (§ 158*)—MOTION TO SET ASIDE SERVICE—GROUNDS.

A motion to set aside the service of a summons, in which another than the moving party is named as defendant, must be denied, where plaintiff shows that the moving party was the individual sought to be served.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 219; Dec. Dig. § 158.*]

2. APPEAL AND ERROR (§ 169*)—QUESTIONS REVIEWABLE—QUESTIONS NOT RAISED IN COURT BELOW.

A question not raised in the court below will not be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1018–1034; Dec. Dig. § 169.*]

Appeal from City Court of New York.

Action by G. P. Sherwood & Co. against the Artistic Marble Company.  From an order granting a motion to set aside the service of summons, plaintiff appeals.   Reversed, and motion denied.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Jackson, Arnold & Fleischmann (Frederick S. Jackson, of counsel), for appellant.

Myron Sulzberger (W. C. Damron, of counsel), for respondent.

PAGE, J.   This action was brought in replevin against the defendant, which the complaint alleged to be a corporation.   The summons and complaint were served on Adolf Lehecka on the 18th day of April, 1910, who moved to set aside the service on the ground that the defendant was not a corporation, and that he was not an officer, director, nor managing agent, nor in any way connected with any corporation known as the Artistic Marble Company.

It appears from the affidavit of Lehecka, read in support of the motion, that with one Kral he was engaged in business as copartners under the name of the Artistic Marble Company; that this copartnership was dissolved on or about March 16, 1910, and Lehecka continued the business under the said firm name, filing the necessary certificate in the county clerk's office.   It is also alleged that on the same day he transferred, by bill of sale, all his property in said business to Frantiska Lehecka, which bill of sale was filed in the office of the register, and a certificate that she intended to carry on business under the said firm name was filed in the office of the clerk of New York county. The plaintiff, in opposition, shows that the goods replevied were de-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

livered to the Artistic Marble Company, as the result of transactions with Kral, until the middle of March, and subsequent thereto with Adolf Lehecka; that all of said chattels were delivered with the provision that "the title to the merchandise hereby invoiced to remain in the seller, without regard to possession, and delivery to be conditional only, until fully paid for"; and they contend that Adolf Lehecka was the individual sought to be served.

Upon those facts the motion should have been denied. The proper practice is thus stated by the Appellate Division:

"Where there has been service of summons, two remedies are open to the person claiming to have been wrongly served: One, which is the most complete and direct, is to appear in a form of appearance indicating that the summons has been served on the wrong individual; and, if no attention is paid to this, after the complaint is received, to formally answer and notice the case for trial, and thus, if the plaintiff refuses to remedy the mistake by withdrawing the summons, or consenting that service of it be set aside, the action may be brought to trial and dismissed, with a bill of costs, which would be some punishment inflicted upon the plaintiff for insisting upon retaining the wrong defendant. There is also authority for the practice, which was here followed, of moving to set aside the service on the ground that a mistake has been made. Where this is resorted to, the person runs the risk of having the plaintiff insist—as it appears was done here—that the service was upon the right individual, although the name was incorrectly stated in the summons. In other words, if, upon a motion to set aside the service on the ground that a mistake has been made, the plaintiff, by opposing it, claims that the person served was the one desired in the action, then, whether the service was under the wrong name or not, it is the duty of the court * * * to deny the motion." Lederer Amusement Co. v. Pollard, 71 App. Div. 35, 36, 75 N. Y. Supp. 619.

As to the appellant's further contention that plaintiff was entitled to have the summons amended by inserting the name of Adolf Lehecka, doing business as the Artistic Marble Company, and the complaint amended by striking out the allegations as to the incorporation of the defendant (Munzinger v. Courier Co., 82 Hun, 575, 31 N. Y. Supp. 737; Becker v. Woodcock, 136 App. Div. 589, 121 N. Y. Supp. 71), it is sufficient to say that the plaintiff had made no motion for that relief, and we do not pass upon the question, as not involved in this appeal.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.