JACOBSOHN v. SEMEL et al.

(Supreme Court, Appellate Term. May 4, 1911.)

1. PARTIES (§ 62*)—SUBSTITUTION.
   A substitution of parties cannot be made under the guise of an amendment to the pleadings.
   [Ed. Note.—For other cases, see Parties, Cent. Dig. § 98; Dec. Dig. § 62.*]

2. JUDGMENT (§ 324*)—AMENDMENT—PROCEEDINGS—EVIDENCE.
   Evidence taken on a motion to amend the pleadings, proceedings, and default judgment, by changing defendant's first name, *held* not to show that the person whose name was sought to be substituted was served with process.
   [Ed. Note.—For other cases, see Judgment, Dec. Dig. § 324.*]

3. JUDGMENT (§ 326*)—AMENDMENT NUNC PRO TUNC.
   The pleadings, process, etc., under which a default judgment was rendered against "Samuel S.," should not be amended nunc pro tunc by substituting the name of "Sigmund S.," unless the latter was actually served, and knew that he was the person intended to be affected by the action.
   [Ed. Note.—For other cases, see Judgment, Dec. Dig. § 326.*]

Appeal from City Court of New York, Special Term.

Action by Lazar Jacobsohn against Sigmund Semel and another. From an order amending proceedings and a judgment nunc pro tunc, defendant named appeals. Reversed.

Argued before SEABURY, LEHMAN, and GERARD, JJ.

Joseph Gans, for appellant.
Louis A. Jaffer, for respondent.

PER CURIAM. In July, 1897, the plaintiff herein instituted an action in the City Court; the defendant named in the summons and complaint being Samuel Semel. The action was brought for goods

sold and delivered by plaintiff, and the complaint specifically sets forth the alleged transactions and the time they were said to have occurred, and the complaint was served with the summons. There was a default in appearing and answering, and the plaintiff entered a judgment against Samuel Semel. In January of this year the plaintiff caused a notice of motion to be served upon Sigmund Semel, returnable at a Special Term of the City Court, in which notice of motion the plaintiff stated that upon the return day thereof he should ask that an order be entered—

"directing that the first name of the defendant 'Samuel' Semel be corrected to 'Sigmund' Semel, and that the judgment heretofore entered, and all the other papers, pleadings, and proceedings heretofore had and filed herein, be amended accordingly, nunc pro tunc, all to be without prejudice to the proceedings heretofore had, pursuant to section 723 of the Code of Civil Procedure."

This notice of motion was accompanied by the affidavit of the plaintiff to the effect that he personally did business with "the defendant," and knew him well, and that—

"he had only just discovered that said Semel's first name is Sigmund; that the same person does business at 611 East Eighteenth street; * * * that on January 5, 1911, he interviewed said Semel at his place of business, and found him to go under the name of Sigmund, and found him to be the same person with whom he transacted business, arising out of which the judgment was obtained."

Upon the return day of this motion Sigmund Semel appeared and filed an opposing affidavit, in which he testified—

"that he is not the defendant in this action, and never knew of this action having been commenced or instituted until he received the papers in this motion on January 6, 1911."

He also swore that he was never served with—

"any summons or complaint in any action brought in this court by the plaintiff against deponent. I know of no such case, and never knew of any such case, until I received the papers upon this application. I am not defendant in this action, and the judgment entered in this action, if there is any such judgment, is not against me."

The plaintiff filed a replying affidavit, the contents of which could not have materially aided in the determination of this motion, even if the use of such affidavit was permissible without leave of the court to file the same, service upon Sigmund Semel, and he having had an opportunity to answer. The plaintiff's motion was granted, and from the order entered in accordance therewith Sigmund Semel appeals.

The right of the court below to make the correction or amendment in strenuously denied by the appellant, and he has cited numerous cases, seemingly in full support of his position. Nearly or quite all of such cases were evidently considered by the Court of Appeals in the case of Stuyvesant v. Weil, 167 N. Y. 421, 60 N. E. 738, 53 L. R. A. 562. In that case, after reciting the facts, the court said:

"The contention that the court had no power to amend the summons and complaint as provided by the order is founded upon the claim that the court had not acquired jurisdiction of defendant Stockton by the personal service of the summons and complaint upon her, because of error therein in respect

to her given name. But we cannot concur with a view that insists upon it that any error appearing in a summons in the name of a defendant prevents the court from acquiring jurisdiction of such defendant, notwithstanding he was fully apprised, when service of the summons was made upon him, that he was the party intended to be named therein and affected thereby: a view directly antagonistic to both the letter and the spirit of sections 721 and 723 of the Code, the first of which declares that a judgment of a court of record shall not 'be impaired or affected, by reason of either of the following imperfections, omissions, defects, matters, or things, in the process, pleadings, or other proceedings: * * * 9. For a mistake in the name of a party or other person, * * * where the correct name * * * has been once rightly stated, in any of the pleadings or proceedings,' while the latter section provides for correcting a mistake in the name of a party as it appears in the summons, which course presupposes, in case of prior service, that jurisdiction has already been acquired. The object of the summons is to apprise the party defendant that the plaintiff therein seeks a judgment against him, so that he may take such steps as may seem advisable to protect his interests, and in order to assure its coming to his attention the statute requires personal service of the summons to be made when it is possible to do so. It may happen, as in this case, that the defendant's name is not correctly stated in the summons, and in such case it is the duty of the court, when properly moved, to determine whether, notwithstanding the error, the defendant was fairly apprised whether he was the party the action was intended to affect; and if the answer of the court be in the affirmative, its determination must be that the court acquired jurisdiction."

The court in this case further said:

"We have not alluded to the decision of the several Special and General Terms which the Appellate Division felt called upon to follow. Their foundations were laid long before sections 721 and 723 of the Code came into existence as marking features of a distinct legislative policy to stop the sacrifice of things of real substance upon the altar of mere technicality."

In the case of Holman v. Goslin, 63 App. Div. 204, 71 N. Y. Supp. 197, the court said:

"If the person is fairly apprised that the action is brought against him as the party intended to be affected, he is immediately in position to avail himself of every legal remedy which he might have invoked, had he been in all respects correctly named. Under such circumstances he is called upon to act, and the court acquires jurisdiction to render such a judgment as the plaintiff shows himself entitled to."

[1] These later decisions are based upon the fact that actual service of a summons and complaint has been made upon the person intended by the plaintiff to be made the defendant. A substitution of parties, of course, cannot be authorized under the guise of an amendment. Becker v. Woodcock, 136 App. Div. 589–591, 121 N. Y. Supp. 71.

[2] In the case at bar, it may be observed that the statements made by the defendant in his opposing affidavit may all be true; nevertheless there is no positive assertion that he was not served with a summons and complaint in an action in which this plaintiff was plaintiff and Samuel Semel was named as defendant. It must also be observed that there is no proof whatever that Sigmund Semel was served with the summons and complaint. The plaintiff makes no such statement. He evidently has no knowledge upon that subject. The affidavit of the person making the service states that he served the summons and complaint upon Samuel Semel and that—

"he knew the person served as aforesaid to be the person mentioned and described in said summons as defendant in this action."

This is no proof that service was made upon Sigmund Semel.

[3] The right to make the proposed amendment rests upon proof that Sigmund was actually served, although he might have been named in the summons and complaint as Samuel, and that he was fairly apprised that the action was brought against him as the party intended to be affected. This might have been shown by testimony taken before the judge hearing the motion, or by a referee duly appointed to take such testimony and report. As the case now stands, there is no legal competent evidence upon that question, and the order should be reversed, with leave to renew.

Order reversed, with $10 costs and disbursements, with leave to plaintiff to renew.