(52 Misc. Rep. 290)

## LEVICK v. NIAGARA FALLS HOME TELEPHONE CO.

(Supreme Court, Special Term, Erie County. December, 1906.)

PARTIES—AMENDMENTS—CHANGE OF DEFENDANTS—PROCEEDINGS.

   Plaintiff attempted to sue a corporation, but instead began an action against a company which had been merged in the corporation. Defendant filed an answer, denying its corporate existence, and plaintiff moved on notice to defendant's attorney, but not to the corporation, to amend the summons and complaint by substituting the name of the corporation. Defendant's attorney opposed the motion and filed an affidavit that he had

answered for defendant, and not for the corporation, and had no authority to appear for the latter. An affidavit stating that the person on whom the summons was served was not the general manager of the corporation was also filed. *Held*, that the motion should be denied.

Action by Anna Levick, as administrator, etc., against the Niagara Falls Home Telephone Company. Motion for leave to amend the summons and complaint. Denied.

John T. Ryan, for the motion.
Alfred Grey, opposed.

WHEELER, J. It appears from the various papers read on this motion that the action was brought to recover damages by reason of alleged negligence in causing the death of the plaintiff's intestate. He met his death while in the employ of the "Niagara County Home Telephone Company." This company appears to have been formed by the merger of several prior constituent companies, of which the Niagara Falls Home Telephone Company was one. Evidently intending to begin an action against the Niagara County Home Telephone Company, service of a summons was made upon one R. Max Eaton, who, the plaintiff claims, was the general manager of the Niagara County Home Telephone Company, but the defendant described was named in the paper as the Niagara Falls Home Telephone Company. The Niagara Falls Home Telephone Company appeared by attorneys and answered the complaint, and in and by that answer denied its corporate existence, and alleged that its corporate existence had been terminated by due process of law. It also appears that after such answer the case was noticed for trial.

The plaintiff now makes this motion upon notice to the attorneys who have appeared for the Niagara Falls Home Telephone Company to amend by correcting the name of the defendant to read the "Niagara County Home Telephone Company." The attorneys who appeared and answered for the "Niagara Falls" Company read in opposition affidavits stating they had answered for the "Niagara Falls" Company, and not for the "Niagara County" corporation, and had no authority to appear for or represent the latter company. Affidavits were also read challenging the sufficiency of the service of process on Eaton; it being claimed he was not the general manager of the Niagara County Home Telephone Company, and consequently that no jurisdiction had ever been obtained of that corporation, even had it been correctly described by name in the summons. It would seem that under the circumstances presented the motion to amend must be denied. We do not mean to contend that an amendment of the paper cannot be had in a proper motion to amend as for a misnomer of the party defendant. The difficulty, however, on this motion of granting such relief, is the fact that no notice of motion for this relief has been given to the real defendant intended to be sued, to wit, the Niagara County Home Telephone Company. That party has never appeared in the action, and the attorneys who answered for the Niagara Falls Home Telephone Company make affidavit that they have and never had any authority to appear in behalf of the Niagara County Telephone Company. At

least, before an amendment for misnomer can be granted, it must be upon notice to the real defendant, and that has never been given.

Again, from the affidavits it is questionable whether any valid service of process was ever made upon the Niagara County Home Telephone Company. Eaton, on whom the summons was served, makes an affidavit that he was not the general manager of that company. It thus becomes questionable whether the plaintiff (assuming a mere misnomer existed) ever obtained jurisdiction of the real defendant intended to be served. That question cannot be determined on this motion. If the intended defendant has not been subjected to the court's jurisdiction, then the plaintiff does not need the aid of an order to amend, because no action against that defendant is pending.

The motion should be denied, without costs.