(79 Misc. Rep. 86.)

## BARRIE et al. v. FRIEDMAN.

(Supreme Court, Appellate Term, First Department.    January 13, 1913.)

CONTEMPT (§ 55*)—ORDER TO SHOW CAUSE—SERVICE.

Judiciary Law (Consol. Laws 1909, c. 30) § 760, permits an order to show cause to be made either before or after a final judgment, and section 761 provides that an order to show cause is equivalent to a notice of motion.   Code Civ. Proc. § 802, provides that the article does not apply to service of a paper to bring a party into contempt, or where the mode of service is specifically prescribed by law.   Section 796 permits a notice or other paper in an action to be served on a party or attorney personally, or as prescribed in section 797, which provides that service may be made upon a party by leaving the paper at his residence between 6 a. m. and 9 p. m. with a person of suitable age.   *Held*, that an order to show cause why a judgment debtor should not be punished for contempt for failure to appear for examination was properly served by leaving a copy at the debtor's residence with a person of suitable age between 5 and 6 o'clock p. m.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 150–161;  Dec. Dig. § 55.*]

Appeal from City Court of New York, Special Term.

In the matter of supplementary proceedings.   George Barrie and others, judgment creditors, against Harold J. Friedman, judgment debtor.   From an order denying a motion to punish the judgment debtor for contempt, the creditors appeal.   Reversed, and matter remitted for further proceedings.

Argued January term, 1913, before SEABURY, LEHMAN, and PAGE, JJ.

Walter L. Bunnell, of New York City, for appellants.

PAGE, J.   The judgment creditors obtained an order for the examination of the judgment debtor, which was duly personally served on him.   He appeared on the return day, and the examination was adjourned.   Two other adjournments were had, and on the last adjourned day he failed to appear.   An order to show cause why he should not be punished for a contempt was obtained, and was served on an associate in the same suite of offices with the judgment debtor. On the return day of the order to show cause the motion was denied upon the ground that motion papers to punish for contempt must be served on the judgment debtor personally or upon his attorney, with leave to renew.   Another order to show cause why the judgment debtor should not be punished for contempt was obtained and served by leaving a copy at his residence in this city between the hours of 5 and 6 in the afternoon with a person of suitable age and discretion.   On the return day of this order to show cause the motion was denied upon the ground "that service of the order to show cause upon a person other than the judgment debtor or his attorney is no service, and does not justify the court in punishing the debtor for his alleged disobedience thereof."   If the motion had been to punish the judgment debtor for a disobedience of the order to show cause, then the ruling

of the court would have been correct. It was an order to show cause why the judgment debtor should not be punished for disobedience of an order that had been personally served upon him.

Article 19 of the Judiciary Law deals with the subject of contempt. Section 760 thereof reads as follows:

"When order to show cause may be made. An order to show cause may be made either before or after the final judgment in the action or final order in the special proceeding."

Section 761:

"Order to show cause defined. An order to show cause is equivalent to a notice of motion; and the subsequent proceedings thereupon are taken in the action or special proceeding, as upon a motion made therein."

In discussing section 2273 of the Code of Civil Procedure (Consol. Laws 1909, c. 30, §§ 754–781), from which the two sections of the Judiciary Law were taken, the Court of Appeals has said:

"Before the adoption of the provisions of the Code above quoted, it had been announced in Pitt v. Davison, 37 N. Y. 235, that a proceeding to punish for contempt, instituted by an order to show cause obtained by one party to an action against another, was a proceeding in the action. Subsequently there was an intimation in at least two cases that such a proceeding should be regarded as a special proceeding, and the revisers in their notes stated that the object of this section was to settle the rule in accordance with the decision of Pitt v. Davison. That they accomplished their purpose is apparent from the careful reading of the statute." Jewelers' Mercantile Agency v. Rothschild, 155 N. Y. 255, 256, 49 N. E. 871, 872.

In Pitt v. Davison, supra, the court said at page 241 of 37 N. Y.:

"The order to show cause provided for by the statute in the absence of any statutory provision to the contrary was there governed by the practice of the court in regard to orders to show cause, both in respect to its service and the further proceedings upon it."

The Code of Civil Procedure (sections 796 and 797) prescribes how all papers in an action may be served, except "a summons or other process, or of a paper to bring the party into contempt or to a case where the mode of service is specially prescribed by law" (section 802), and is as follows:

"A notice or other paper in an action may be served on a party or an attorney either by delivering it to him personally or in the manner prescribed in the next section. * * *"

Section 797:

"When the service is not personal, it may be made as follows: 4. Upon a party by leaving the paper at his residence within the state, between six o'clock in the morning and nine o'clock in the evening, with a person of suitable age and discretion."

This was the manner of service of the order to show cause herein, and was a sufficient service.

The order denying the motion is therefore reversed, with $10 costs and disbursements; and the matter remitted to the City Court for appropriate action. All concur.