ANTHONY J. McALLISTER, Plaintiff, *v.* WILLIAM WATSON, Defendant.

Supreme Court, Special Term, Kings County, February 21, 1946.

*Robert L. Callahan* for plaintiff.

*George A. Spiegelberg* for defendant.

CUFF, J. Motion by plaintiff to reargue motion by defendant, made at the trial at the end of plaintiff's case, to dismiss the complaint on the ground of a defect of parties, granted. The court in disposing of defendant's above motion dismissed the complaint but added "without prejudice." Plaintiff on this motion to reargue urges that the court should have denied defendant's motion to dismiss. He cites section 192 of the Civil Practice Act, rule 102 of the Rules of Civil Practice and several decisions which support the principle that a pleading should not be dismissed by reason of a defect of parties. To that doctrine the court subscribes. But this complaint was not dismissed! The "without prejudice" feature makes an intended difference favorable to plaintiff because by reason of its force he may begin a new suit *at once* without the necessity of moving to amend his complaint before Special Term for motions with all the hazards attendant thereon, including the

right of his adversary to prosecute an appeal from the motion part's decision. Had plaintiff been required to move to amend or if this court at the trial had permitted amendment, the twenty days to answer and the usual preliminary motions would be open to the defendant in no less bothersome form than they would appear if a new proceeding had been instituted. These references to delaying the trial are made only because plaintiff bases his request for relief in this application upon the ground that speedy disposition of the controversy which gave rise to this proceeding is important.

No case cited by plaintiff holds that a cause may not be dismissed *without prejudice* because of a defect of parties. The statute (Civ. Prac. Act, § 192) enjoins the court from defeating a cause by reason, among other formal errors by the pleader, of nonjoinder of parties. The enactment was intended evidently to preserve a right which would otherwise be completely destroyed by the combination of the expiration of a statute of limitations and the rigors of outright dismissal — all because of the form in which a claim had been presented.

The language of the law, "No action * * * shall be defeated * * *", indicates the legislative intent. This court's ruling was not in discord with the letter or spirit of that provision (§ 192).

No reason appears why this court should change its decision, which is adhered to.