JOHN J. GRANT, Plaintiff, v. MILES SHOES, Defendant.

Supreme Court, Special Term, Schenectady County, February 16, 1954.

*Goldfarb & Fleece* for defendant.

*John J. Mauriel* for plaintiff.

HUGHES, J. The defendant moves to set aside the service of a summons upon it in pursuance of section 237-a of the Civil Practice Act. It appears that a summons in the above-entitled action was delivered to and left with Mr. W. Minehardt at the '' Miles '' shoe store at 441 State Street, Schenectady, New York, on Monday, December 14, 1953. Thereafter, and on or

about the 2d day of January, 1954, the defendant filed a notice of special appearance solely to challenge the jurisdiction of the court and to set aside the alleged service of the summons upon said " Miles Shoes ".

The defendant's moving affidavit sets forth that there is no legal entity known as " Miles Shoes ", the same being only a trade name and a division of Melville Shoe Corporation, a New York corporation, having its principal office at 25 East 43d Street, New York City, and a branch office also known as " Miles Shoe Division " at 345 Hudson Street in the same city.

The affidavit further states that the Melville Shoe Corporation, operating " Miles Shoes ", as a division thereof, is a domestic corporation of which the said W. Minehardt, the person served with the summons, is only the store manager of its Schenectady State Street store, and that he is neither an officer or other head thereof nor a director, clerk, cashier, managing agent, as is defined in section 228 of the Civil Practice Act, for personal service upon a domestic corporation. These facts in the defendant's moving affidavit are not controverted by the plaintiff.

The plaintiff made a cross motion returnable before this court on the 18th day of January, 1954, at a Special Term, in that defendant's original motion was adjourned until that date, in which the plaintiff seeks an order to substitute in and amend the summons in this action and all subsequent pleadings and proceedings to read: " John J. Grant, plaintiff, against Melville Shoe Corporation, Defendant ", in pursuance of section 105 of the Civil Practice Act.

In answer to the plaintiff's cross motion, the defendant's affidavit sets forth the fact that Miles Shoes, Inc., became merged and consolidated with the Melville Shoe Corporation, under section 86 of the Stock Corporation Law. The benefits of section 105 may be invoked, provided, however, that the same does not go to the question of jurisdiction.

In the case of *Northwest Eng. Co.* v. *Rappl* (132 Misc. 497, 498) the court in construing section 768 of the Code of Civil Procedure (now Civ. Prac. Act, § 105), stated: " ' Section 768 of the Code of Civil Procedure [now Civ. Prac. Act, § 105], which permits the curing of technical defects or insufficiencies * * * cannot be used to cure defects which go to the jurisdiction of the court. Before the court can make an order in an action to cure defects in the proceedings it must obtain jurisdiction of the cause.' (*Conklin* v. *Federal Trust Co.*, 176 App. Div. 572.) "

The same line of reasoning was applied in *Sammatano,* v. *Brooklyn City R. R. Co.* (238 App. Div. 808): " Order reversed on the law, with ten dollars costs and disbursements, and motion to correct the name of the defendant, so as to read Brooklyn, Queens County and Suburban Railroad Company, denied, with ten dollars costs. The order substitutes, in the place of the defendant served, a distinct and separate corporation which never had been served with process and which has not been brought within the court's jurisdiction. This may not be done under the guise of correcting a misnomer."

The case which seems to be nearest in point with the action which the court is now considering is that of *Levick* v. *Niagara Falls Home Tel. Co.* (52 Misc. 290). In the *Levick* case, the plaintiff's intestate met his death while in the employ of the " Niagara County Home Telephone Company ". It appeared that company had been formed by a merger of which the Niagara Falls Home Telephone Company was one. The service of the summons was made upon one R. Max Eaton, who, the plaintiff claims, was the general manager of the Niagara County Home Telephone Company, but the defendant described was named in the summons as the Niagara Falls Home Telephone Company. The plaintiff then moved to amend by correcting the name of the defendant to read " Niagara County Home Telephone Company ". At page 292 the court reiterated the rule as follows: " Again, from the affidavits it is questionable whether any valid service of process was ever made upon the Niagara County Home Telephone Company. Eaton, on whom the summons was served, makes an affidavit that he was not the general manager of that company. It thus becomes questionable whether the plaintiff (assuming a mere misnomer existed) ever obtained jurisdiction of the real defendant intended to be served. That question cannot be determined on this motion. If the intended defendant has not been subjected to the court's jurisdiction, then the plaintiff does not need the aid of an order to amend, because no action against that defendant is pending. The motion should be denied, without costs."

From the reading of the defendant's uncontroverted affidavits, the court concludes that it is without jurisdiction to grant the relief sought for in the plaintiff's cross motion, and the defendant's motion to set aside the service of the said summons is hereby granted.

Submit order.