Archibald C. Wemple, J.
Annie Berrigan, as administratrix of the goods, chattels and credits of Joseph M. Berrigan, deceased, by an answer to the complaint herein, appeared specially and now moves for an order dismissing the plaintiffs’ complaint, pursuant to rule 107 of the Rules of Civil Practice. The attorney for the administratrix, on argument of the motion *637 and in Ms moving affidavit, stated that there was no such legal entity as the defendant named — viz. Annie Berrigan, as executrix of the last will and testament of Joseph M. Berrigan, deceased, and that, therefore, there was a fatal jurisdictional defect in the parties and in the title to this action.
It appears that Joseph Berrigan died intestate and that Annie had been named administratrix by the court.
The plaintiffs’ attorney argued that by the answer of Annie Berrigan the defendant made a general appearance in accordance with section 237 of the Civil Practice Act.
On argument it was conceded that the plaintiffs’ attorney had served an amended complaint within the 20 days required by section 244 of the Civil Practice Act, wMch was promptly rejected and returned by Annie Berrigan’s attorney. The amended complaint showed a change in the name of the defendant in the title of the action from Annie Berrigan, as executrix of the last will and testament of Joseph M. Berrigan, deceased, to Annie Berrigan, as administratrix of the goods, chattels and credits of Joseph M. Berrigan, deceased.
Warren’s Bender’s New York Practice (vol. 2, p. 346) notes that mistakes will happen even in the best regulated law office, and that the trend today is to stress the rights of the parties rather than technicalities of procedure.
The policy of the courts is to look with tolerance upon the errors and defects in pleading and practice if they may be rectified without affecting the substantial rights of the litigants.
Section 105 of the Civil Practice Act gives the court wide latitude in permitting correction of errors so long as no substantial rights are affected. Section 105 reads as follows: “ Mistakes, omissions, defects and irregularities. At any stage of any action, special proceeding or appeal, a mistake, omission, irregularity or defect may be corrected or supplied, as the case may be, in the discretion of the court, with or without terms, or, if a substantial right of any party shall not be thereby prejudiced, such mistake, omission, irregularity or defect must be disregarded.”
Section 109 even goes further and permits, in a court of record, correction of a “ mistake in the name of a party or other person ” affecting' judgment.
The case of Becker v. Woodcock (136 App. Div. 589, 591) states the rule as follows: The law does not authorize a substitution of parties ‘' But in this case the right party was sued. * * * By no possibility could he have been deceived as to the nature of the action or the real principals whom the plaintiffs sought to charge.”
*638 In the instant case, there is no ambiguity or question as to the identity of the defendant, which is the estate of Joseph M. Berrigan. Furthermore, the plaintiffs have correctly named and served the legal representative, Annie Berrigan. If anything, there is only a misnomer or misdescription of the title or representative capacity of Annie Berrigan. Therefore, the estate is the party defendant and is properly in court by service upon its duly accredited legal representative.
When the alleged clerical error was discovered by the plaintiffs’ attorney, he filed a timely amended complaint correcting the title and changing the necessary allegations of the complaint. The court can see no adverse effect on the rights of the defendant by this change. Indeed, it seems only proper that the correction should be made before the litigation proceeds any further.
The case of Yeager v. Co-operative Fire Underwriters Assn. (Appeal No. 2) (243 App. Div. 743) rules on a somewhat similar situation as follows: “If it be found as a fact that Tucker was such officer, then the plaintiff should be permitted to serve the proposed amended summons and complaint, on proper terms, since such relief does not constitute the substitution of a party defendant who has not been brought within the jurisdiction of the court, but may be regarded as a misnomer of the defendant. (Civ. Prac. Act, § 105; Boyd v. U. S. Mortgage & Trust Co., 187 N. Y. 262; DeWitt v. Abraham Bros. Horse & Mule Co., 170 App. Div. 610; McKane v. Democratic, etc., Committee, 14 Civ. Proc. 126; Munzinger v. Courier Co., 82 Hun, 575.) ”
The motion herein of Annie Berrigan for dismissal of the complaint is also defective in that under rule 62 of the Rules of Civil Practice a notice of motion based upon a mistake, omission, defect or irregularity shall specify such mistake, omission, defect or irregularity.
It should be noted that the motion herein is brought pursuant to rule 107 of the Rules of Civil Practice and the movant asks for an “ order ” dismissing the plaintiffs’ original complaint on one of the eight specified grounds in the section without specifying in her notice which ground she relies upon. In all probability the movant relies on a claimed jurisdictional defect and claims there is no such legal person or entity as the one originally named as defendant. This argument is specious and unrealistic as noted above.
The case at bar is to be distinguished from the case of Grant v. Miles Shoes, decided in Special Term, Supreme Court, Schenectady County, on February 16, 1954 by Mr. Justice Hughes (205 Misc. 554) where it clearly appears therein that *639 the court lacked jurisdiction over the defendant not only because of misnaming a nonexistent entity but also by reason of improper and ineffective service upon a representative of the corporate party defendant.
Annie Berrigan’s attorney might have proceeded under section 237-a of the Civil Practice Act by a special appearance and motion to set aside the service of the process or to strike out part of the complaint. Bather, she chose to raise her objection by this motion under rule 107. By failing to conform with section 237-a, she has waived the provisions therein covering defendant’s special appearance.
The motion to dismiss is denied.
The court directs that the amended complaint be filed and the title of this action be corrected to read: Arnold J. Wickham and Bita Wickham, his wife, Plaintiffs, against Annie Berrigan, as Administratrix of the Goods, Chattels and Credits of Joseph M. Berrigan, Deceased, Defendant.
Submit order.