Morris Eder, J.
The corporation and the objecting stockholders in this stock appraisal proceeding move to modify the appraiser’s finding of a value of $19 per share of common stock, the former contending for a value ef $15 and the latter for $32.
After a review of the voluminous testimony and exhibits presented by the respective parties the court has concluded that the value determined by the appraiser is the fair value of said stock in accordance with the law and facts applicable thereto, all of which is fully and clearly set forth in his well-reasoned report.
Since the stock of Reeves-Ely Laboratories, Inc., was not listed on any recognized stock exchange but was traded in the over-the-counter market, the alleged market price, for which the only recorded transactions are in the form of bid and asked prices, is not a controlling consideration (Matter of Silverman [Hoe & Co.], 282 App. Div. 252). Even as to those stocks which are listed on an established exchange, market value is not the sole criterion, though concededly of significant importance (Matter of Marcus [Macy & Co.], 273 App. Div. 725, affd. 303 N. Y. 711). Here the appraiser did find that the market for this stock, while not inactive, was not sufficiently broad enough to justify giving it preponderant weight. Nevertheless, he did take into consideration the market price of $17-$18 per share, treating it as a factor almost on a par with the investment value of the stock, found by him to be $20 a share on the basis of the relevant facts before him and reasonable inferences deducible therefrom, thus arriving at the integrated appraised value of $19. The record amply sustains his findings and conclusions.
The court also agrees with him that the increase in the market price during the two months prior to the date set for the stockholders’ meeting on the proposed consolidation has not been conclusively shown to be attributable thereto and therefore may not be excluded as an appreciation in price “ consequent upon such action or the proposal thereof ” (Stock Corporation Law, § 21, subd. 4). That contention of the corporation, as he points out, is disproved by the past price history of this stock. In any event, since varying inferences may be drawn, the statutory exclusion cannot be arbitrarily applied.
Accordingly the report is confirmed and the corporation directed to make payment to each objecting stockholder on the basis of $19 a share plus interest at 6% per annum from January 20, 1956, the date of the stockholders’ vote on the consolidation to which objection was made. Payment shall be made on or before February 4, 1957 at a place to be designated by the corporation in the order hereon in exchange for the simultaneous *654 surrender of the objectants’ stock certificates duly indorsed in blank and accompanied by transfer tax payment receipts.
The costs and expenses of the proceeding are herewith assessed against the corporation. Since the value of the stock as determined in the proceeding materially exceeds the $15 offer made to these stockholders, they are entitled to be reimbursed such reasonable compensation as the court may fix for the two experts retained by them and found to have been reasonably necessary in view of the position taken on the appraisal by the corporation. The amount thereof as well as the allowance to the appraiser for the services rendered by him both as referee on the interim reference and as appraiser will be fixed in the order hereon.
Concerning the request of the corporation that the objecting stockholders be directed to reimburse it for the cost of the copies of the transcript of the proceedings before the appraiser furnished them, the record, it is noted, contains no reference to an alleged oral stipulation providing for such reimbursement. Since the fact is disputed by the stockholders, the court cannot summarily dispose of this issue but must relegate the corporation to a plenary action for this relief.
Settle order on one day’s notice.