Henry A. Hudson, J.
Application has been made in this proceeding at Special Term by order to show cause for the amendment of a notice of claim to effect a correction in the title of the Board of Education. The proposed action is one for damages alleged to have been sustained by claimants by reason of the termination of their contracts of employment.
It appears from the moving papers that pursuant to subdivision 1 of section 3813 of the Education Law claims were served upon one Arthur R. Carr, clerk of the Board of Education of the Port Byron Central School System. Under section 3813, the filing of such a claim is mandatory to the prosecution or maintenance of any action or special proceeding relating to any claim against any school district or board of education. Subsequent to the service upon Arthur R. Carr, clerk of the Board of Education of the Port Byron Central School System, it was discovered that the proper name and title for said school district was The Central School District, Number 1 of the Towns of Mentz, Montezuma, Brutus, Conquest, Cato, Aurelius and *89 Throop, Cayuga County, New York rather than the Board of Education of the Port Byron Central School System and that Arthur R Carr was in truth and in fact the clerk of the board in either instance since such body is one and the same. The mistake in naming the defendant arose from the use by Arthur R. Carr, clerk of the board, of forms and letterheads, copies of which are attached to the moving papers, bearing the titles “ Port Byron Central School, Port Byron, N. Y. Board of Education, Port Byron Central School, Port Byron, New York and P. B. C. S., The Port Byron School System, Port Byron New York, Arthur A. Gates Elementary School, Office of District Clerk.” These forms and letterheads were used in connection with the application of claimants for the position of bus driver and other positions, the letter of appointment to such position, notice of health, safety and first-aid course, directive of Board of Education, Arthur R. Carr, clerk, to attend certain classes of health and first-aid courses and finally the notice of dismissal signed in the following manner:
“ Arthur R. Carr (Signature).
Arthur R. Carr
Clerk, Board of Education
Port Byron Central School ”
It is contended by the plaintiffs that at all times Mr. Carr represented himself to be the clerk of the Board of Education of the Port Byron Central School System and at no time ever represented himself to be the clerk of the Board of Education of Central School, District Number 1 of the Towns of Mentz, Montezuma, Brutus, Conquest, Cato, Aurelius and Throop, Cayuga County, New York; that in any event they are one and the same body and that Mr. Carr as clerk is duly authorized to receive notices of claims, summonses and complaints pertaining to claims arising against such school system. That the misadvertence of name in the title was through no fault of theirs and that they were entitled to rely upon the representations of Mr. Carr as clerk of the board in their negotiations with that board. They further contend that since Arthur R. Carr as clerk of the board received the notice of claim within the time specified to receive it, he and the board were fully advised of the claims and had ample opportunity to investigate them. That in view of such notice the allowance of an amendment of the title will work no injury or prejudice to the defendant.
*90 The defendant contends that actions had been previously brought in Cayuga County based on the claims, which were dismissed on motion of the defendant and that there are no actions pending, based upon the claims set forth in the moving papers and that the motion is, therefore, premature.
The plaintiffs’ order to show cause described the relief requested as an amendment of their claims. While technically this is correct, in reality the relief sought is merely to correct the title of the school district from The Board of Education of Port Byron Central School System to The Board of Education of Central School District Number 1 of the Towns of Mentz, Montezuma, Brutus, Conquest, Cato, Aurelius and Throop, Cayuga County, New York. This does not involve such an amendment as has usually been considered by the courts in reference to claims against municipalities. To say the least, this is a most insignificant amendment. It certainly cannot be argued that any rights of the school district have been affected or prejudiced in any way, particularly when the clerk of the board in a great number of instances involved in the basis for the plaintiffs’ claims was carrying on the affairs of the Board of Education under the incorrect title. After filing the claims against the Board of Education of Port Byron Central School System, the moving parties herein instituted an action in the Supreme Court of Cayuga County against the Board of Education of the Port Byron Central School System. Motion was made in such action to set aside the service of the summons and complaint in each of the actions apparently upon the ground that the defendant had not been designated by its official and proper title. The motion was granted. The service of both the summons and complaint was vacated and set aside, without costs and without prejudice, the order of the court being dated and entered May 7, 1957 in the Cayuga County Clerk’s office. It appeared upon the motion that the plaintiffs had not opposed this application and apparently proceeded upon the theory that they should amend their notices of claim and institute new actions against the defendant by its proper, official title.
It would seem that there is ample authority for the correction of such a trivial mistake or defect in the name of the party defendant in the actions in Cavuga County. (Civ. Prac. Act. §§ 105, 109.)
The courts have been very liberal in granting the relief provided by these sections, particularly where no right of the opposing party has been prejudiced or adversely affected. (Wickham v. Berrigan, 3 Misc 2d 636; Becker v. Woodcock, 136 App. Div. *91 589.) In the latter case, the court states, at page 591: “ A case is plainly made, therefore, for the amendment asked for, which is the correction of the name of a defendant, instead of the substitution of a different defendant.”
The same principle has been applied to a different and more serious defect in pleading under the provisions of section 192 of the Civil Practice Act and rule 102 of the Rules of Civil Practice. Section 192 provides: “ No action or special proceeding shall be defeated by the nonjoinder or misjoinder of parties The liberal manner in which section 192 and rule 102 are construed is illustrated in McAllister v. Watson (187 Misc. 393).
The moving papers fully support the plaintiffs’ contention that the defendant had full knowledge of the nature of the claims when notices thereof were served upon the clerk of the Board of Education in question and that the defendant was not prejudiced in any way by being designated as the Board of Education of Port Byron Central School System instead of by its correct, legal title. It is not suggested that the board was not timely apprised of the respective claims of the parties plaintiff or that it did not have ample opportunity to investigate them. The authorities arc too numerous to need mention that the underlying purpose of the requirement of the filing of a claim against a municipality is to prevent surprise and to provide an opportunity to the municipality to make an investigation of the facts and circumstances forming the basis of the claim, so as to prevent stale claims and afford protection against needless litigation; likewise that a substantial compliance with the statute as to the form and content of the claim is all that is required. It is clear, therefore, that upon the merits of this application, the plaintiffs should be entitled to the relief which they seek, namely, that corrected or amended notices of claim setting forth the correct, legal title of the Board of Education should be authorized by the court.
The defendant contends, however, inasmuch as the actions which had previously been instituted in Cayuga County based upon the claims had been dismissed, that as a result there are no actions pending which can form the basis for this motion; that this motion is in effect a motion in a void and is, therefore, premature.
Section 113 of the Civil Practice Act defines a motion as follows: ‘ ‘ An application for an order is a motion. A motion is made when a notice thereof or an order to show cause is duly served. ’ ’
*92 Tripp’s Guide to Motion Practice (p. 3) defines a motion as follows: , “ Remedies are divided by the Civil Practice Act into actions and special proceedings. * * * A motion is neither. It is merely a procedural device or step connected with and dependent upon the remedy invoked in the particular controversy. * * * It is an application in a pending or proposed action or special proceeding which depends for its allowance upon its relevancy to the main litigation.” (Emphasis supplied.) (Matter of Dietz, 138 App. Div. 283; Matter of Callahan, 262 App. Div. 398.) The defendant further contends that there is no statutory basis for this motion inasmuch as the claims which are filed are for a breach of contract, covered by subdivision 2 of section 3813, which is made subject to the right of amendment provided for under section 50-e of the General Municipal Law. The plaintiffs conceded upon the motion that they did not claim any rights to amend pursuant to section 50-e of the General Municipal Law. Section 50-e of the General Municipal Law does not apply upon this motion but as I have previously stated, in my opinion, there is ample authority for the relief requested separate and apart from the provisions of section 50-e of the General Municipal Law.
The defendant relies upon Crowley v. City of New York (189 Misc. 170). This case is not, in my opinion, applicable. It involved an amendment of a claim to increase the amount of the damages sought and to correct the period of time affecting the amount asserted to be due. This clearly is a basic change in the subject matter of the claim and very different from the nature of the amendment sought on this motion.
While the cases relied upon by the plaintiffs are not directly in point, they bear out the liberal policy followed by the courts in allowing nonprejudicial amendments. (Boutelle v. Central School Dist. No. 1, 2 A D 2d 925; Teresta v. City of New York, 304 N. Y. 440; Matter of Baker [Board of Educ.], 309 N. Y. 551.) In the last above-cited case, the court stated at page 557: ‘ ‘ There is no merit to the objection that the notices of claim are defective in that they failed to comply with section 3813 of the Education Law, because they were filed in Baker’s name rather than that of the architect’s. We find no rigid requirement imposed by the statute in such specific terms. Hence, according to the weight of authority, all that is required is a substantial compliance with the statute. (6 McQuillin on Municipal Corporations [2d ed.], § 2895; Schwartz v. City of New York, 250 N. Y. 332.) The original notices were more than sufficient to fully apprise the board of the notice of the claim asserted against it. ’ ’
*93 For the reasons above stated plaintiffs ’ motion to amend their respective notices of claim is granted to the extent that the change of the name of the defendant from The Board of Education of Port Byron Central School System to The Board of Education of Central School District No. 1 of the Towns of Mentz, Montezuma, Brutus, Conquest, Cato, Aurelius and Throop, Cayuga County may be effected.
The motion is granted, without costs. Order accordingly.