Saul S. Streit, J.
Petitioner seeks to strike from respondents’ answer certain allegations which are claimed to be sham, frivolous, irrelevant, impertinent and scandalous. The allegations in question charge the management of petitioner (1) with having diverted its assets for the personal gain of certain of its officers, (2) with having made unauthorized and excessive payments, and (3) with having illegally issued 5,000 shares of corn-mop. stock. Petitioner contends that these allegations are irrelevant to the appraisal of respondents’ stock. It points out that subdivision 6 of section 21 of the Stock Corporation Law, expressly provides that “ Any stockholder demanding payment for his stock * * * upon such vote shall cease to have any other rights of a stockholder of the corporation with respect to such stock, except the right to receive payment for the value thereof as in this section provided”. However, precisely because respondents’ sole remaining right is to receive the appraised value of their stock, the Court of Appeals quoted with approval language of the court in Anderson v. International Mins. & Chem. Corp. (295 N. Y. 343) to the effect that “ ‘ every right of a dissenting shareholder is to be appraised and paid for ’ ” (Beloff v. Consolidated Edison Co., 300 N. Y. 11, 20). As stated by Mr. Justice Breitel (Blumenthal v. Roosevelt Hotel, 202 Misc. 988, 991): “in an appraisal proceeding the stockholder is entitled to the full value of the stock prior to the action against which he dissents and including every item of value that can be established ” (italics supplied). In evaluating respondents’ common stock, the appraiser is clearly entitled to take into consideration such items as the value of contract rights which the corporation may possess, including those in litigation. He is likewise entitled to consider the value of other corporate causes of action, whether against its officers and directors or against strangers. If an officer or director, for example, has appropriated corporate assets or diverted them, the company may possess a valuable cause of action having an important bearing upon the value of its common stock. The courts have generally refrained from attempting to instruct an appraiser, in advance, as to what items he may or may not consider in Ms *575 determination, of the value of corporate stock. “ We do not attempt an all-inclusive listing of the items that such appraisers should add into their totals, any more than this court did in Matter of Fulton (257 N. Y., supra, at p. 494) ” (Blumenthal v. Roosevelt Hotel, supra, p. 992). In the Fulton ease (Matter of Fulton, 257 N. Y. 487), the court said (p. 494): “ No rule can be laid down for determining the actual or true value of stock of a given class except one of a very general nature ”. It is impossible for the court at this time, when it has no knowledge of the evidence which may be adduced before the appraiser, to issue intelligent instructions to the latter as to what items he may take into consideration and what items he must exclude as to contingent or uncertain or for other reasons. The appropriate time for the court to consider which items are proper and which improper is upon a motion to confirm, modify or reject the appraiser’s report, at which time the court will have the benefit of the evidence taken by the appraiser.
The allegations of the answer do not define or formulate the issue before the appraiser. An appraiser is not properly concerned with the allegations of the petition and answer which result in his appointment. The sole issue for bim to determine is the value of the stock which he is appointed to appraise. The allegations of the answer are relevant only to the wholly different issue as to whether respondents’ failure to accept petitioner’s offer was arbitrary, vexatious or in bad faith. That issue, as pointed out on the companion motion, decided simultaneously herewith, is not yet before the court for adjudication.
The motion is denied, but without prejudice to a renewal after the coming in of the appraiser’s report.