Frederick Backer, J.
Petitioners move for a rehearing of their motion dated August 2,1961 which was denied by decision dated August 17,1961. This motion for rehearing is based upon facts which were not presented by petitioners upon the submission of the original motion, but which facts now present a much different and clearer picture of their position. The opposing affidavits on the original motion presented a factual situation which persuaded the court to sustain respondent’s contentions and deny the petition. However, had the court then had the benefit of the facts now presented, the result would have been different. To the instant motion, respondent again opposes on the merits. It also interposes the technical objection that reargument may not be had upon matters not presented upon the original motion and that the new matter now urged by petitioners may not be considered by the court. This objection must be rejected. Petitioners’ motion is now predicated upon new matter not presented by them upon the original motion. It appears that they believed their petition contained, on its face, sufficient facts to support same for the relief requested. How *1026 ever, the averments by respondent in opposition were to the effect that the petitioners were not the owners of their stock on May 22,1961. Since there was no rebuttal to this by petitioners, the court had no alternative but to deny the petitioners’ application. The present application now supplies the true facts omitted by petitioners in their original petition and which they assert they were too late in submitting to the court then by way of a reply affidavit to rebut respondent’s assertions. The situation involved is material and of substantial consequence to the petitioners. They own 5,000 shares of respondent corporation, for which they paid the sum of $145,000. Respondent’s technical objection must be subordinated to the merits of petitioners’ application. Procedure should not be exalted over substance where disregard of a procedural defect in no way prejudices or affects a substantial right of the parties (Avery v. O’Dwyer, 280 App. Div. 766). Accordingly, the technical objection to rehearing and reconsidering the original application is overruled, and we now pass on to a consideration of the merits thereof.
This proceeding is based upon section 21 of the Stock Corporation Law. On or about May 22, 1961, the respondent corporation (designated as “Green”) mailed to its stockholders a notice of special meeting to be held on June 20,1961, to consider the merger of Green with McCrory Corporation. The petitioners, owners of 5,000 shares of Green, objected to the merger and prior to the stockholders’ vote on June 20, 1961, filed with the corporation a written objection and demand for appraisal of the value of their stock, pursuant to subdivision 7 of section 91 of the Stock Corporation Law. The merger having been approved by the stockholders, petitioners thereby lost their rights as stockholders except the right to receive payment for their stock. An offer of $29 per share was made by McCrory to petitioners, which was refused. Within 20 days after June 20, 1961, as required by subdivision 8 of section 21, petitioners presented their certificates for notation of their demand, which was made. By notice of motion dated August 2, 1961, served August 3,1961, made returnable in this court on August 9, 1961 (which was the 50th day after June 20, 1961), as required by statute, the petitioners instituted this application for the relief afforded by the statute. Respondent has appeared and raised the following objections to this application: (a) that petitioners are holders of “ a negligible interest (b) that their “ minute ” holdings were purchased after the cut-off date of May 22, 1961 and were for the purpose of harassing respondent, and consequently this application is not brought in good faith; (c) that *1027 the notice of motion herein was not personally served on respondent; (d) and that, in any event, the market value is the conclusive determinant of the value of the stock and that no appraisal is necessary but that the court should fix the value at said $29 per share.
Considering respondent’s objections in the order afore-stated, the argument of respondent that petitioners’ holdings are “ negligible ” and “minute” must be rejected. The 5,000 shares of Green, if figured at the value offered by it of $29 per share, would total $145,000. This total cannot possibly be considered or termed a negligible or minute stock interest by any fair and objective view. Coming to objection (b) afore-stated, there is no issue that the cut-off date was May 22, 1961, the date of the first mailing of the proxy materials and notice of special meeting of stockholders to consider the proposed merger. Petitioners have alleged that, as of June 29, 1961, they were and still are the owners of record of 5,000 shares of Green. This does not constitute “an admission ”, as respondent contends, that petitioners ’ stock was not owned by them prior to the cut-off date of May 22, 1961. The allegation in the petition is an accepted form of allegation of ownership to indicate eligibility to file the required objection and demand on petitioners’ part (Bender’s Forms, Cons. Laws of New York, Yol. 7 A, Form 3634, par. 4). Moreover, the governing sections (Stock Corporation Law, §§ 21, 87, 91) do not qualify or limit in any way the stockholders who may invoke the appraisal proceeding, although the courts have applied the good faith test (Matter of Dynamics Corp. of America v. Abraham & Co., 4 Misc 2d 50, 51, mod. 1 A D 2d 1005). While it is true that in the petition on the original motion herein petitioners did allege they owned their shares on or before May 22, 1961, the facts now presented establish that they did have such ownership. It appears from the affidavit of Mr. Gutlag, a general partner in the firm of the petitioner Kaufmann, Alsberg & Co. (a member firm of the New York Stock Exchange), that said petitioner purchased their 4,700 shares of Green in January of 1961. This, then, would be four months prior to the cut-off date of May 22,1961. These 4,700 shares are represented by certificates (the numbers of which are stated) which are set forth in the objection to the proposed merger of Green and McCrory and the demand for appraisal and payment for these shares dated June 19, 1961. Since the aforesaid purchases by petitioner Kaufman, Alsberg & Co. were made on the New York Stock Exchange, they are reflected in the records of that Exchange as well as in the books and records of this peti *1028 tioner. The dates of this petitioner’s acquisition of its 4,700 shares of Green cannot therefore be seriously challenged nor the good faith of the purchase open to question.
The other 300 shares of stock are owned by the petitioner Louis C. Fieland, who avers that he purchased them on April 3, 3961. This would be over a month prior to the cut-off date of May 22, 1961. He purchased the stock through E. F. Hutton & Co., who received the certificates and held same for his account until just prior to June 19, 1961, when they were presented to respondent to be exchanged for certificates in his name. Respondent’s assertions, therefore, in the original motion that petitioners are not bona fide owners of their stock and that they acquired same after notice of the contemplated merger were not the fact and are totally refuted by the facts presented herein. It is well established in the law that petitioners are not required to be stockholders of record (Matter of Rowe, 107 Misc. 549; Matter of Standard Coated Prods. Corp. [Bazar], 183 Misc. 736, 740). The court stated in Matter of Roioe (supra, p. 552) the following: “ I think a fair interpretation of the section in question is that any stockholder who owns stock in a stock corporation, whether registered or not, if he brings himself within the provisions of the section as to time of demand of payment for his shares and objection to sale, is entitled to an appraisement of his stock, not only with reference to stock actually registered in his name, but also with reference to stock which he owns absolutely, even though not yet registered. ’ ’ The bona-fidedness and good faith and substantial value of their stock cannot be seriously questioned on the showing here.
The objection that the notice of motion herein was not personally served upon any officer or managing agent of respondent, is overruled. Where an objecting stockholder has complied with the preliminary requirements of section 91 of the Stock Corporation Law, and has not accepted the corporation’s offer for his stock, he or the corporation is permitted by subdivision 3 of section 21 of the Stock Corporation Law to petition the Supreme Court at a Special Term thereof, held in the judicial district in which the principal office of the corporation is situated, to determine the value of such stock. The statute reads as follows: ‘ ‘ Such petition shall be made on five days ’ notice and shall be made returnable in such court on the fiftieth day after the last day on which the demand of the objecting stockholder for payment might have been made, or, if the rules or practice of such court do not permit such petition to be made returnable on such fiftieth day, then it shall be made returnable on the first succeeding day permitted by such rules or practice.”
*1029 Petitioners emphasize the fact, and I so find, that either the corporation or the objecting stockholder may present the petition to the court and that no service of the petition on the opposing party is provided for in the statute. It only provides that five days’ notice thereof be given. It is also noteworthy that the statute does not state that such notice be made returnable not later than (emphasis mine) the “ fiftieth day”, but specifies that it shall be made returnable “ on the fiftieth day”. The notice herein was so made returnable — precisely on the fiftieth day after the stockholders ’ vote of June 20,1961. The 11 notice ’ ’ specified in the statute “ returnable in such court on the fiftieth day” is manifestly a notice of motion according to accepted interpretation of the statute (see Bender’s Forms, Cons. Laws of New York, Vol. 7 A, Form 3633). The notice of motion here was not required to be served personally (Matter of Barrie v. Friedman, 79 Misc. 86). A motion is simply an application for an order, that is, for a direction of the court or of a Judge (Civ. Prac. Act, § 113; Matter of Baker, 284 N. Y. 1, 10). The Civil Practice Act divides remedies into actions and special proceedings. A motion is neither, for it is merely a procedural step connected with the particular remedy invoked upon an application in a pending or proposed action or special proceeding (Matter of Callahan, 262 App. Div. 398; Mapley v. Board of Educ. of Port Byron, 13 Misc 2d 88). In the instant proceeding, the motion is an application for an intermediate order (Matter of Baker, 284 N. Y. 1,10, supra; Matter of Bickerton v. New York Theat. Co., 232 N. Y. 1, 6).
Rule 20 of the Rules of Civil Practice is the basic provision governing service of most papers in an action or special proceeding. The rule sets forth the various ways in which service may be made, including subdivision 5, which provides for service on a party by leaving the paper at his residence within the State with a person of suitable age and discretion. The respondent’s place of business is its residence (Golfbay Country Club v. Oceanside Golfers Assn., 114 N. Y. S. 2d 175). While respondent urges that this proceeding was not begun by the service of the notice of motion pursuant to rule 21 of the Rules of Civil Practice, it is to be noted that said rule 21 is entitled “ Manner of service of papers to begin a proceeding” (emphasis mine). However, this proceeding, it is urged by petitioners, was not begun (emphasis mine) by the service of the notice of motion but was commenced by the presentation of the petition to the Supreme Court. I am in accord with this contention, for otherwise the statute would become a trap in instances such as are involved herein. The statute is a beneficial statute intended to *1030 protect the rights and interests of nonconsenting minority stockholders. It, therefore, must be strictly construed to the end that they be not deprived of its beneficial purposes (Matter of Rowe, supra; Matter of Fulton, 257 N Y. 487, 494; Matter of Baker, 284 N. Y. 1, 8, supra). An interpretation of the statute, in the light of the very short periods of limitation specified therein, which would require personal service of the notice of motion, as respondent urges, would lead to defeat of stockholders’ rights of dissent and the purpose of the statute of protecting stockholders. Service could be evaded by the corporation. In the eases where the corporation itself instituted the application, personal service on a widely scattered group of stockholders, within the short period of limitations, would be impractical. Thus, the entire scheme of the statute would be frustrated if respondent’s contention, that personal service was required, were the rule. I find respondent’s position in this respect of its objection untenable. The entire purpose of the statute negates, in my opinion, the requirement of personal service of the notice of motion.
Moreover, assuming arguendo that personal service of the notice of motion was required, I find that the objection was waived by the appearance of respondent on the return day of the original motion and the filing herein of its affidavits addressed to the merits of the application. Strenuous opposition was interposed by respondent then, as upon the instant application for rehearing and reconsideration, upon the merits. It presented a variety of facts and legal argument to defeat the application. Under the circumstances respondent must be deemed to have waived its objection to the mode of service. Its exclusive remedy in that respect should have been by a motion under section 237-a of the Civil Practice Act. The service upon the person made herein was sufficient. The fact that respondent corporation ceased to exist by reason of the merger is immaterial. Green did not cease to exist by the merger but rather its existence was continued with and by McCrory, which then stood in Green’s shoes for all purposes, including the assumption of Green’s obligations. This situation comes about by reason of section 90 of the Stock Corporation Law, which is made applicable herein by subdivision 6 of section 91 thereof. Also, it appears by the express terms of the merger agreement that all debts of Green attached to McCrory.
Lastly, the respondent’s demand that the court fix and determine the value of petitioners ’ shares at the price it fixed of $29 per share, is contrary to law and must be denied. Bid and asked prices of stocks traded on the stock market or over-the-counter *1031 market are not controlling (Matter of Dynamics Corp. of America v. Abraham & Co., 5 Misc 2d 652, mod. on other grounds, 6 A D 2d 683). In the very case relied upon by respondent (Matter of Marcus [Macy & Co.], supra), the Appellate Division of this Department stated (273 App. Div. 725, 730, affd. 303 N. Y. 711): “ This does not mean that the appraisers are confined to market value or must accept market value as to the value of this stock.” A dissenting stockholder is entitled to the full value of his stock, including every item of value that can be established (Matter of Tabulating Card Co. v. Leidesdorf, 17 Misc 2d 573). The statute contemplates a hearing upon legal evidence duly taken either by the court or by the appraiser (Matter of Bickerton v. New York Theat. Co., 232 N. Y. 1, 8). Obviously the court cannot now determine whether the market price or other factors shall determine the value of petitioners’ stock, nor can it now instruct the appraiser in that respect. The appropriate time for the court to consider what is to be taken into consideration by the appraiser in fixing the value, is upon the motion to confirm, modify or reject the appraiser’s report, at which time the court will have the benefit of the evidence taken by the appraiser (Matter of Tabulating Card Co. v. Leidesdorf, 17 Misc 2d 573, supra).
Accordingly, the motion for rehearing is granted. Upon such rehearing and reconsideration, the court’s decision dated August 17, 1961 is vacated and the motion by petitioners for the relief requested is in all respects granted. Settle order providing for the appointment of an appraiser to take proof of the value of petitioners’ shares of stock and to report thereon to the court together with his recommendations.