HELENA BRENON, Plaintiff, *v.* COUNTY OF ONEIDA, Defendant.

Supreme Court, Oneida County, November 30, 1966.

*Edward A. Wolff, Sr.,* for plaintiff. *Gorman & Waszkiewicz* for defendant.

RICHARD J. CARDAMONE, J.   The plaintiff, Helena Brenon, has instituted an action, generally based upon false arrest, against the County of Oneida for the alleged acts of a Deputy Sheriff of the county.   This motion is brought to join as party defendants Archie Eastman, as Sheriff of Oneida County, and Robert W. Engels, Deputy Sheriff, individually.   The alleged false arrest arose in September, 1965.

An action against the Sheriff and Robert W. Engels is barred by the Statute of Limitations which provides that an action to recover damages for false arrest shall be commenced within one year (CPLR 215, subd. 3).   The notice required by section 50-e of the General Municipal Law was timely served on the defendant County of Oneida.   Such notice is not required in a proposed action against the Sheriff. (*Kawar* v. *Martin,* 12 A D 2d 876.)   Nevertheless, plaintiff is attempting to accomplish by indirection, i.e., joinder of party defendants, what she cannot accomplish directly by the institution of an action against these two defendants, because her cause is barred by the Statute of Limitations.

CPLR 1003 provides in part that: '' Parties may be added * * * by the court * * * at any stage of the action and upon such terms as may be just ''.   While the courts have construed this section liberally to the end that a party may have his day in court without having  the same destroyed by the form in which a claim has been presented (*McAllister* v. *Watson,* 187 Misc. 393, 394; *Cariello* v. *Northern Ins. Co.,* 41 Misc 2d 456, 462), nevertheless, in so liberally construing the statute it was not intended that parties whose causes of action against certain defendants have been tolled by the Statute of Limitations could have the same revived by the device of joining them as party defendants.   Particularly is this true where the new party defendants would be individuals with different rights than the party defendant originally named, as is the case here. (*Sapone* v. *New York Cent. & Hudson Riv. R. R. Co.,* 130 Misc. 755, 759.)

It would be error to permit these party defendants to be joined when the one-year Statute of Limitations has already expired at the time this motion was made. *Scutella* v. *County Fire Ins. Co.*, 231 App. Div. 343; *Allied 31st Ave. Corp.* v. *City of New York*, 23 A D 2d 678.)

Upon the return of this motion counsel for the defendant County of Oneida orally raised the question of the county's immunity for the acts of its Sheriff. Counsel for the plaintiff was not present and no formal cross motion had been made. The question of legal sufficiency of the cause of action alleged in the complaint against the county (N. Y. Const., art. XIII, § 13, subd. [a]; *Commisso* v. *Meeker*, 8 N Y 2d 109; *Isereau* v. *Stone*, 3 A D 2d 243) is not determined here since it is not properly before the court.